sUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

BHAWANI & SHREEJI LLC and
CLEARLAKE LIQUORS INC d/b/a
LIQUOR STORE,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, BHAWANI & SHREEJI LLC and CLEARLAKE LIQUORS INC d/b/a LIQUOR STORE (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a liquor store located on or about 1420 Garden St. Titusville, FL 32796 (hereinafter "Subject Premises").

3.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4.      Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5.      Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6.      Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7.      Defendant, BHAWANI & SHREEJI LLC, is a LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

8.      Pursuant to the Brevard Property Appraiser's Office, Defendant, BHAWANI & SHREEJI LLC, is the owner and/or operator/manager of the real property located on or 1420 Garden St. Titusville, FL 32796 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

9. Defendant, CLEARLAKE LIQUORS INC, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Florida Department of Business and Professional Regulation, the Defendant, CLEARLAKE LIQUORS INC, was licensed on November 10, 2020 to provide Permanent Food Service and Seating and occupies 1420 Garden St. Titusville, FL 32796 as a liquor store known as "LIQUOR STORE".

11. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff recently visited the Subject Premises on or about January 10, 2023 to purchase goods and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph #17. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

17. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### **Accessible Routes**

i. The facility does not provide at least one accessible route of travel from the public streets and sidewalks to the accessible building they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve as referenced in §206.2.1. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve. Estimated Cost: Less than $1,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

**ii.** The sidewalk leading to the restrooms does not provide the minimum required width of 36 inches making it difficult for the plaintiff to traverse. Violation: The clear width of walking surfaces shall be 36 inches minimum as stated in §403.5.1. Recommendation: Provide a compliant accessible route to the

restrooms with a minimum width of 36 inches.  Estimated Cost: Less than $5,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §403.5.1 of the 2010 ADA Standards. Accessible Routes. Walking Surfaces.

iii. There is a vertical change in level at the entrance of the facility making it difficult for the plaintiff to enter. Violation: Changes in level of ¼ inch high maximum shall be permitted to be vertical complying with §303.2 of the 2010 ADA Standards. Recommendation: Estimated Cost: Less than $1,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §303.2 of the 2010 ADA Standards. Floor or Ground Surfaces.

**Parking**

iv. The facility does not provide any accessible parking making it difficult for the plaintiff to park. Violation: Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards.  A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be

readily accessible to and usable by persons with disabilities by the Act or this part pursuant to Title 28 CFR §36.211.

Recommendation: Provide one compliant accessible parking space with an accessible access aisle and signage in accordance with §208.2, §502.3.3, and §503.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00  The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §208.2, §502.2, and §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

**<u>Accessible Routes</u>**

v. The plaintiff had difficulty entering the liquor store as there is no level landing. Violation: Minimum maneuvering clearance at doors and gates shall comply with §404.2.4 of the 2010 ADA Standards. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance. Recommendation: Provide level landing as required. Estimated Cost: Less than $1,500.00. The removal of this barrier is readily achievable in §404.2.4 of the 2010 ADA Standards. Doors, Doorways and Gates.

**Entrance**

vi. The plaintiff had difficulty traversing the Exxon entrance as the floor mat is not securely attached to the floor as required. Violation: Carpet shall be securely attached to the surface of the floor in accordance with §302.2 of the 2010 ADA Standards. Recommendation: Provide a floor mat that is secured to the floor as required. Estimated Cost: Less than $50.00. The removal of this barrier is readily achievable in §302.2 of the 2010 ADA Standards. Floor and Ground Surface, Carpet.

vii. The plaintiff had difficulty identifying which door is accessible to the facility as there is no signage with the international symbol of accessibility indicating the accessible entrance. Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 and 703.7.2.1 of the 2010 ADA Standards. Recommendation: Provide signage with the international symbol of accessibility at the front entrance. Estimated Cost: Less than $75.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.3 and §216.6 and of the 2010 ADA Standards. Signs.

**Liquor Store**

viii. The sales and service counter exceeds the 36 inches maximum in height making it difficult for the plaintiff to utilize. Violation: A portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the finish floor shall be provided. A clear floor or ground space complying with §305 shall be positioned for a parallel approach adjacent to the 36 inch minimum length counter. Recommendation: Provide a lowered portion of the sales and service counter not to exceed 36 inches maximum in height and 36 inches long maximum. Estimated Cost: Less than $450.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §904.4 and §904.4.1 of the 2010 ADA Standards. Sales and Service Counters.

**Accessible Restrooms**

ix. The plaintiff had difficulty utilizing the accessible restroom as it is not nearly compliant. Violation: Where toilet rooms are provided, each toilet room shall comply with §603. Interior and exterior signs identifying permanent rooms and spaces shall comply with §703.7.2.1. Door openings shall provide a clear width of 32 inches minimum in compliance with §404.2.3. Handles, pulls, latches,

locks, and other operable parts on doors and gates shall comply with §309.4; operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist; operable parts of such hardware shall be 34 inches minimum and 48 inches maximum above the finish floor or ground complying with §404.2.7. Toilet and bathing rooms shall comply with §603, required clear floor space complying with §304 shall be provided within the room complying with §603.2.2 and §213.2 of the 2010 ADA Standards. Recommendation: Reconstruct restroom to provide the compliant clear floor space. Cost: Less than $10,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §213.2 and §603 of the 2010 ADA Standards. Toilet Facilities and Bathing Facilities. Operable Parts. Doors, Doorways, Gates, and Gate Hardware. Communication Elements and Features-Signs.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and

carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

20. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on November 13, 2020, Plaintiff asserts that said

ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**27.** Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

**28.** Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

**29.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**30.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the

extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
    *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
    *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net