UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

BHAWANI & SHREEJI LLC and
CLEARLAKE LIQUORS INC.,
    Defendants.

Case No: 23-cv-00470-CEM-DCI

## PLAINTIFF'S VERIFIED MOTION FOR DEFAULT JUDGMENT

Plaintiff, RUDOLPH BETANCOURT ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(b) and 42 U.S.C. § 12205, hereby moves this Court and seeks entry of Final Default Judgment and an award of attorney's fees, litigation expenses, and costs against Defendants, BHAWANI & SHREEJI LLC and CLEARLAKE LIQUORS INC. ("Defendants"), only and as grounds thereof state:

## FACTS AND PROCEDURAL HISTORY

**1.** Plaintiff filed his Complaint [DE#1] against Defendants in the above captioned case for injunctive relief, attorney's fees, expenses and costs on March 14, 2023.

**2.** The within action was instituted by the service of the Complaint [DE#1] on Defendant, BHAWANI & SHREEJI LLC, on March 24, 2023 and the time to for Defendant, BHAWANI & SHREEJI LLC, to respond expired on April 14, 2023.

3.      The within action was instituted by the service of the Complaint [DE#1] on Defendant, CLEARLAKE LIQUORS INC., on March 24, 2023 and the time to for Defendant, CLEARLAKE LIQUORS INC., to respond expired on April 14, 2023.

4.      As of this date no Answer has been interposed on behalf of the Defendants.

5.      Defendant, BHAWANI & SHREEJI LLC, is a limited liability company that is engaged in business in the State of Florida by the leasing of commercial property located in Brevard County, Florida.

6.      Defendant, CLEARLAKE LIQUORS INC., is a corporation that is engaged in business in the State of Florida by the operating of a liquor store located in Brevard County, Florida.

7.      The Clerk issued a Default [DE#23] against Defendant, BHAWANI & SHREEJI LLC, on May 1, 2023.

8.      The Clerk issued a Default [DE#24] against Defendant, CLEARLAKE LIQUORS INC., on May 1, 2023.

9.      To date, Defendants have failed to file an answer with the Clerk, has not served an answer upon the Plaintiff, and has made no entry of appearance in this matter. To this date, Defendants have undertaken no defense in this matter.

10.     Plaintiff's Complaint seeks injunctive relief to correct the violations under Title III of the Americans with Disabilities Act ("ADA") by Defendant. The

Complaint also sought an award of attorney's fees, costs and litigation expenses incurred in this action.

11.    The subject property at issue is a liquor store owned and operated by the Defendants, which is located at 1420 Garden St. Titusville, FL 32796 (hereinafter "Subject Property").    The Subject Property is a public accommodation as defined by and is subject to Title III of the ADA.

12.    Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, facilities, and accommodations offered by the Defendant as a direct result of Defendant's violations of the Americans with Disabilities Act.

13.    Plaintiff has visited the liquor store and intends to return within 60 days after the barriers to access have been removed.

14.    Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendants' failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

15.    Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

16.    The specific nature of the injunction sought by Plaintiff is outlined below.

## MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT FOR INJUNCTIVE RELIEF

Plaintiff has filed this motion for default final judgment timely pursuant to Local Rule 1.10(c).

Fed. R. Civ. P. 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

Title III of the A.D.A. states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's ability to enjoy the defendant entity's goods,

services, and privileges." *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 (11th Cir. 2002).

There is sufficient basis in the Plaintiff's Complaint [DE#1] to enter default judgment in Plaintiff's favor. Plaintiff alleges that he attempted to, and has to the extent possible, accessed the Subject Premises but because of his disabilities and physical barriers to access discovered that dangerous conditions and ADA violations exist that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages, and/or accommodations offered therein. Plaintiff's well-pled allegations are sufficient to establish Defendant's liability.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez v. Icon Sky Holdings LLC*, 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011). "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). Here, Plaintiff requests injunctive relief only. Specifically, in the instant Motion, Plaintiff requests that the Court Orders Defendants to take all necessary steps to bring the Subject Property into full compliance with the requirements set forth in the ADA, and its implementing regulations, by no later than December 31, 2023, so that the property is fully accessible to disabled persons, by addressing the following violations of the ADA:

## Accessible Routes

i.   The facility does not provide at least one accessible route of travel from the public streets and sidewalks to the accessible building they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve as referenced in §206.2.1. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve. Estimated Cost: Less than $1,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

ii.  The sidewalk leading to the restrooms does not provide the minimum required width of 36 inches making it difficult for the plaintiff to traverse. Violation: The clear width of walking surfaces shall be 36 inches minimum as stated in §403.5.1. Recommendation: Provide a compliant accessible route to the restrooms with a minimum width of 36 inches.  Estimated Cost: Less than $5,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §403.5.1 of the 2010 ADA Standards. Accessible Routes. Walking Surfaces.

iii. There is a vertical change in level at the entrance of the facility making it difficult for the plaintiff to enter. Violation: Changes in level of ¼ inch high maximum shall be permitted to be vertical complying with §303.2 of the 2010 ADA Standards. Recommendation: Estimated Cost: Less than $1,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §303.2 of the 2010 ADA Standards. Floor or Ground Surfaces.

## Parking

iv.  The facility does not provide any accessible parking making it difficult for the plaintiff to park. Violation: Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards.  A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part pursuant to Title 28 CFR §36.211.

Recommendation: Provide one compliant accessible parking space with an accessible access aisle and signage in accordance with §208.2, §502.3.3, and §503.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00    The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §208.2, §502.2, and §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

## Accessible Routes

v.    The plaintiff had difficulty entering the liquor store as there is no level landing. Violation: Minimum maneuvering clearance at doors and gates shall comply with §404.2.4 of the 2010 ADA Standards. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance. Recommendation: Provide level landing as required. Estimated Cost: Less than $1,500.00. The removal of this barrier is readily achievable in §404.2.4 of the 2010 ADA Standards. Doors, Doorways and Gates.

## Entrance

vi.    The plaintiff had difficulty traversing the Exxon entrance as the floor mat is not securely attached to the floor as required. Violation:  Carpet shall be securely attached to the surface of the floor in accordance with §302.2 of the 2010 ADA Standards.  Recommendation: Provide a floor mat that is secured to the floor as required.  Estimated Cost: Less than $50.00.  The removal of this barrier is readily achievable in §302.2 of the 2010 ADA Standards. Floor and Ground Surface, Carpet.

vii.    The plaintiff had difficulty identifying which door is accessible to the facility as there is no signage with the international symbol of accessibility indicating the accessible entrance.    Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 and 703.7.2.1 of the 2010 ADA Standards. Recommendation: Provide signage with the international symbol of accessibility at the front entrance. Estimated Cost: Less than $75.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.3 and §216.6 and of the 2010 ADA Standards. Signs.

## Liquor Store

viii.    The sales and service counter exceeds the 36 inches maximum in height making it difficult for the plaintiff to utilize. Violation: A portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the finish floor shall be provided. A clear floor or ground space complying with §305 shall be positioned for a parallel approach adjacent to the 36 inch minimum length counter.

Recommendation: Provide a lowered portion of the sales and service counter not to exceed 36 inches maximum in height and 36 inches long maximum. Estimated Cost: Less than $450.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §904.4 and §904.4.1 of the 2010 ADA Standards. Sales and Service Counters.

### Accessible Restrooms

ix.     The plaintiff had difficulty utilizing the accessible restroom as it is not nearly compliant. Violation: Where toilet rooms are provided, each toilet room shall comply with §603. Interior and exterior signs identifying permanent rooms and spaces shall comply with §703.7.2.1. Door openings shall provide a clear width of 32 inches minimum in compliance with §404.2.3. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with §309.4; operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist; operable parts of such hardware shall be 34 inches minimum and 48 inches maximum above the finish floor or ground complying with §404.2.7. Toilet and bathing rooms shall comply with §603, required clear floor space complying with §304 shall be provided within the room complying with §603.2.2 and §213.2 of the 2010 ADA Standards. Recommendation: Reconstruct restroom to provide the compliant clear floor space. Cost: Less than $10,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §213.2 and §603 of the 2010 ADA Standards. Toilet Facilities and Bathing Facilities. Operable Parts. Doors, Doorways, Gates, and Gate Hardware. Communication Elements and Features-Signs.

On a motion under Fed. R. Civ. P. 55(b)(2), the Court accepts as try all allegations on the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*).

Plaintiff has alleged all facts necessary to establish standing to bring this action and to support his claim for the relief requested in the Complaint [DE#1].

Plaintiff would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the Defendants do not appear disposed to defend this action, however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against Defendants.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Venue in this District was not disputed, nor could it be as the subject property is located in and the cause of action arose in Brevard County, Florida.

## INJUNCTIVE RELIEF SOUGHT

Plaintiff initiated this action for violation of the Americans Disability Act, 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq. Since the Defendants have violated the Americans Disability Act (hereinafter "ADA"), the Plaintiff respectfully requests that the Final Default Judgment require that the Defendants remove architectural barriers as follows:

### Accessible Routes

x.   The facility does not provide at least one accessible route of travel from the public streets and sidewalks to the accessible building they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve as referenced in §206.2.1. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve. Estimated Cost: Less than $1,000.00. The removal of this

barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

xi. The sidewalk leading to the restrooms does not provide the minimum required width of 36 inches making it difficult for the plaintiff to traverse. Violation: The clear width of walking surfaces shall be 36 inches minimum as stated in §403.5.1. Recommendation: Provide a compliant accessible route to the restrooms with a minimum width of 36 inches. Estimated Cost: Less than $5,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §403.5.1 of the 2010 ADA Standards. Accessible Routes. Walking Surfaces.

xii. There is a vertical change in level at the entrance of the facility making it difficult for the plaintiff to enter. Violation: Changes in level of ¼ inch high maximum shall be permitted to be vertical complying with §303.2 of the 2010 ADA Standards. Recommendation: Estimated Cost: Less than $1,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §303.2 of the 2010 ADA Standards. Floor or Ground Surfaces.

### Parking

xiii. The facility does not provide any accessible parking making it difficult for the plaintiff to park. Violation: Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards.  A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part pursuant to Title 28 CFR §36.211. Recommendation: Provide one compliant accessible parking space with an accessible access aisle and signage in accordance with §208.2, §502.3.3, and §503.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00    The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §208.2, §502.2, and §502.3.3 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Maintenance of accessible features.

### Accessible Routes

xiv. The plaintiff had difficulty entering the liquor store as there is no level landing. Violation: Minimum maneuvering clearance at doors and gates shall comply with §404.2.4 of the 2010 ADA Standards. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance. Recommendation: Provide level landing as required. Estimated Cost: Less than

$1,500.00. The removal of this barrier is readily achievable in §404.2.4 of the 2010 ADA Standards. Doors, Doorways and Gates.

### Entrance

xv.    The plaintiff had difficulty traversing the Exxon entrance as the floor mat is not securely attached to the floor as required. Violation:  Carpet shall be securely attached to the surface of the floor in accordance with §302.2 of the 2010 ADA Standards.  Recommendation: Provide a floor mat that is secured to the floor as required.  Estimated Cost: Less than $50.00.  The removal of this barrier is readily achievable in §302.2 of the 2010 ADA Standards. Floor and Ground Surface, Carpet.

xvi.    The plaintiff had difficulty identifying which door is accessible to the facility as there is no signage with the international symbol of accessibility indicating the accessible entrance.    Violation: Designations - interior and exterior signage identifying permanent rooms and spaces shall comply with §703.5 and 703.7.2.1 of the 2010 ADA Standards. Recommendation: Provide signage with the international symbol of accessibility at the front entrance. Estimated Cost: Less than $75.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.3 and §216.6 and of the 2010 ADA Standards. Signs.

### Liquor Store

xvii.    The sales and service counter exceeds the 36 inches maximum in height making it difficult for the plaintiff to utilize. Violation: A portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the finish floor shall be provided. A clear floor or ground space complying with §305 shall be positioned for a parallel approach adjacent to the 36 inch minimum length counter. Recommendation: Provide a lowered portion of the sales and service counter not to exceed 36 inches maximum in height and 36 inches long maximum. Estimated Cost: Less than $450.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §904.4 and §904.4.1 of the 2010 ADA Standards. Sales and Service Counters.

### Accessible Restrooms

xviii.    The plaintiff had difficulty utilizing the accessible restroom as it is not nearly compliant. Violation: Where toilet rooms are provided, each toilet room shall comply with §603. Interior and exterior signs identifying permanent rooms and spaces shall comply with §703.7.2.1. Door openings shall provide a clear width of 32 inches minimum in compliance with §404.2.3. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with §309.4; operable parts shall be operable with one hand and shall not require tight

grasping, pinching, or twisting of the wrist; operable parts of such hardware shall be 34 inches minimum and 48 inches maximum above the finish floor or ground complying with §404.2.7.  Toilet and bathing rooms shall comply with §603, required clear floor space complying with §304 shall be provided within the room complying with §603.2.2 and §213.2 of the 2010 ADA Standards. Recommendation: Reconstruct restroom to provide the compliant clear floor space. Cost: Less than $10,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §213.2 and §603 of the 2010 ADA Standards. Toilet Facilities and Bathing Facilities. Operable Parts. Doors, Doorways, Gates, and Gate Hardware. Communication Elements and Features-Signs.

### <u>PLAINTIFF'S REQUEST FOR COURT TO RESERVE JURISDICTION TO AWARD FOR FEES AND COSTS AND SUPPORTING MEMORANDUM OF LAW</u>

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this action.

Attorney's fees, expert fees, litigation expenses and costs are recoverable by Plaintiff under the ADA. 42 U.S.C. §12205. To recover attorney's fees under 42 U.S.C. §12205 a plaintiff must be a prevailing party. A prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Harty v. Ross Dress for Less, Inc.*, No.6:11–cv–35131–GJK, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012) *citing Buckhannon Bd. & Care Home, Inc. v. W.Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001). In order to be a "prevailing party" under *Buckhannon*, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir. 2004); *American Disability Association, Inc. v. Chimielarz*, 289 F.3d 1315 (11th Cir.2002); *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003);

*Barrios v. Cal. Interscholastic Fedn.*, 277 F.3d 1128 (9th Cir.2002). In the instant action, Plaintiff is the prevailing party as a Default was entered against the Defendant for failure to plead or defend.

Plaintiff anticipates that additional costs and fees will be incurred and necessary to enforce the request Final Default Judgment for Injunctive Relief. Plaintiff requests that the Court reserve jurisdiction to enter an award of fees and costs in favor of Plaintiff following either confirmation of Defendants' compliance with any injunctive relief granted by the Court or enforcement of the requested Final Default Judgment for Injunctive Relief.

## CONCLUSION

WHEREFORE, Plaintiff's respectfully moves this Court to enter final judgment after default against Defendants, ordering Defendants to make all the necessary alterations so the subject premises is accessible to individuals with disabilities, in compliance with the ADA, ordering the subject facility closed until all necessary alterations are complete and retaining jurisdiction over this cause to assure Defendants, compliance with the Court's Judgment and the Americans with Disabilities Act.

The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to reasonable attorney's fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C., Sections 12205 and 12207.

Plaintiff respectfully requests that the Court enter an order determining Plaintiff's entitlement to recovery of the costs and reasonable attorney's fees incurred in the prosecution of this action, and reserving jurisdiction to determine the amount of fees and costs after Plaintiff has either confirmed compliance with or taken any necessary action to enforce compliance with the Default Final Judgment for Injunctive Relief sought in this motion.

## VERIFICATION

Glenn R. Goldstein, Esq., as Counsel for Plaintiff, hereby declares under penalty of perjury, that the foregoing is true and accurate to the best of his knowledge and belief; that the injunctive relief requested is appropriate and proper, and further, that the attorney's fees and, costs, and expenses sought to be taxed have been made in this action or will necessarily be made and included in this action.

WHEREFORE, Plaintiff requests that the Court enter a Default Judgment in this matter, and that the Judgment be entered in favor of Plaintiff, and against the Defendants, in the manner stated herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and mailed a copy of the same to Defendants by Certified U.S. Mail, to: BHAWANI & SHREEJI LLC, c/o Reg. Agent: Mitulbhai Patel, 1775 N. Wickham Rd., Melbourne, FL 32935 (Tracking No. *ooooooo*) and CLEARLAKE LIQUORS INC, c/o Reg. Agent:

Ketankumar Patek, 1775 N. Wickham Rd., Melbourne, FL 32935 (Tracking No. ==oooooooo==).

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
*Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, FL 33432
(561) 800-0405
WassenbergL@gmail.com
